**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Eric Rostro v. The State of Texas

Appellate case number:    01-11-00556-CR

Trial court case number:    57844

Trial court:                        300th Judicial District Court of Brazoria County

After the complete record had been filed, this case was abated and remanded to the trial court on May 22, 2014, due to appellant's appointed counsel's failure to timely file appellant's brief. *See* TEX. R. APP. P. 38.8(b)(2). In the order of abatement, we remanded for the trial court to hold a hearing and to make any other findings and recommendations the court deemed appropriate. We also noted that this appeal would be reinstated on this Court's active docket when a supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

On June 6, 2014, the court reporter filed the hearing record on the appellant's counsel's motion to dismiss the appeal, with the trial court finding that the appellant does not wish to prosecute the appeal and, after admitting State's Exhibit No. 1, verified for this Court that appellant had been deported in January of 2012. On June 16, 2014, the trial court clerk filed a supplemental clerk's record. Accordingly, we REINSTATE this case on the Court's active docket.

Although appellant's counsel only filed her motion to dismiss the appeal in the trial court, we could not grant such a motion had it been filed here because both appellant and his counsel must sign it. *See* TEX. R. APP. P. 42.2(a). "However, we may consider a criminal appeal without briefs, as justice may require, if the trial court has found that the appellant no longer desires to prosecute the appeal." *Alakhras v. State*, 73 S.W.2d 434, 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing TEX. R. APP. P. 38.8(b)(4)).

Accordingly, because the trial court found that the appellant no longer desires to prosecute this appeal, we will consider this appeal without briefs and review the record for fundamental error. *See id.*; *see also* TEX. R. APP. P. 38.8(b)(4). The Clerk of this Court is directed to set this case at issue.

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
　　　　　　　　⊠　Acting individually

Date:　September 18, 2014